USDC SCAN INDEX SHEET










```
JPP    2/24/05    8:16
3:04-CV-01103    HARPER V. POWAY UNIFIED SCHOOL
*59*
*O.*
```

FILED
05 FEB 23 PM 1:39
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER CHASE HARPER, a minor, by and through his parents, RON and CHERYL HARPER,<br><br>　　　　　Plaintiff,<br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT; et al.,<br><br>　　　　　Defendants. | Civil No. 04CV1103 JAH(POR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [DOC. # 44] |

## INTRODUCTION

Now before the Court is defendants' motion to dismiss plaintiffs' first amended complaint.[1] After a careful consideration of the pleadings presented by the parties, and for the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART defendants' motion.

//
//
//

---

[1] The notice of motion provided by defendants titles the document as a "Motion to (1) Remove Plaintiff Kelsie Harper from First Amended Verified Complaint; (2) Dismiss Plaintiff Kelcie (sic) Harper's Amended Complaint, and (3) Dismiss Plaintiff Tyler Chase Harper's Third Cause of Action in the Amended Complaint, or in the alternative to Strike Prayers for Money Damages and Injunctive Relief." *See* Doc. # 4. However, defendants' memorandum of points and authorities is merely labeled "in Support of Motion to Dismiss." Doc. # 5. For the sake of brevity, this Court will refer to the motion as "defendants' motion to dismiss."

59

04cv1103

## BACKGROUND

This Court's prior order granting in part and denying in part defendants' motion to dismiss and denying plaintiff's motion for preliminary injunction set forth the salient background facts contained in plaintiff's complaint, which are deemed true for purposes of a motion to dismiss. *See* Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mutual Insurance, 80 F.3d 336, 337-338 (9th Cir. 1996). The parties agree that the facts presented in plaintiffs' first amended complaint are identical to those presented in the original complaint except that Kelsie K. Harper has been added as a plaintiff and certain claims have been re-worded. *See* Mot. at 2; Opp. at 2. This Court deems it unnecessary, for purposes of the instant motion, to reiterate the facts here. This Court's factual background detailed in its prior order is incorporated by reference as if fully set forth herein. A short procedural summary follows.

Plaintiff Tyler Chase Harper, a minor, by and through his parents, Ron and Cheryl Harper ("plaintiffs") filed a complaint on June 2, 2004, alleging violations of constitutional rights pursuant to 42 U.S.C. § 1983, and seeking declaratory and injunctive relief as well as nominal and punitive damages. Defendants filed a motion to dismiss the complaint on June 22, 2004. On July 12, 2004, plaintiff filed a motion for preliminary injunction. On November 4, 2004, this Court granted in part and denied in part defendants' motion to dismiss and denied plaintiff's motion for preliminary injunction. *See* Doc. # 37. Plaintiffs filed an amended complaint on November 17, 2004.

Defendants' filed the instant motion on December 10, 2004. On January 12, 2005, plaintiffs' filed their opposition. Defendants' reply brief was filed on January 20, 2005.

## DISCUSSION

Defendants' motion seeks to dismiss: (1) Kelsie K. Harper as plaintiff as to all claims except the Fourth Cause of Action on the grounds that (a) she was misjoined pursuant to Fed.R.Civ.P. 21; and (b) she fails to state a claim pursuant to Fed.R.Civ.P. 12(b)(6); (2) plaintiffs' Fourth Cause of Action based on due process because the Court previously dismissed the claim with prejudice and the addition of Kelsie K. Harper as plaintiff does not alter the

Court's prior analysis; (3) plaintiffs' equal protection claim pursuant to Fed.R.Civ.P. 12(b)(6); and (4) plaintiffs' damages claim pursuant to Fed.R.Civ.P. 12(b)(1) and 12(f).

**1.  Dismissal of Kelsie K. Harper as plaintiff**

   **a.  Misjoinder**

     **i.  Legal Standard**

Rule 21 of the Federal Rules of Civil Procedure allows parties to amend their pleadings by adding new parties but only with leave of court. *See* Fed.R.Civ.P. 21. However, a plaintiff has the right to amend his complaint once "as a matter of course" any time before a responsive pleading is served. Fed.R.Civ.P. 15(a); Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995). A motion to dismiss is not considered a responsive pleading for purposes of Rule 15(a) and, thus, filing such a motion, by itself, does not bar plaintiff from thereafter amending the complaint once as a matter of right. *See* Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332 F.3d 1198, 1201 (9th Cir. 2003); St. Michael's Convalescent Hosp. v. State of California, 643 F.2d 1369, 1374 (9th Cir. 1980). Some courts, including the Ninth Circuit, allow plaintiffs to amend once as a matter of right even after a motion to dismiss the complaint has been granted, provided the action has not been dismissed and the amended complaint is otherwise timely. *See* Doe v. United States, 58 F.3d 494, 496-97 (9th Cir. 1995); Benjamin v. United States, 833 F.2d 669, 672 (7th Cir. 1987).

The Ninth Circuit has consistently ruled that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981); Sacramento Coca-Cola Bottling Co. v. Chauffeurs, Teamsters and Helpers Local No. 150, 440 F.2d 1096, 1098 (9th Cir. 1971); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). This rule is premised on the notion that the "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Loux, 375 F.2d at 57. If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint. London, 644 F.2d at 814; Sacramento Coca-Cola, 440 F.2d at 1098; Loux, 375 F.2d at 57.

//

ii. Analysis

Defendants contend that Kelsie K. Harper has been improperly joined as a party pursuant to Fed.R.Civ.P. 21 because plaintiffs did not seek leave of court to add her as a plaintiff. *See* Mot. at 3. Defendants urge the Court to remove Kelsie K. Harper from the lawsuit until such time as plaintiffs successfully seek leave to add her as a party plaintiff. Id.

Plaintiffs contend, in opposition, that Fed.R.Civ.P. 15(a) "takes precedence [over Rule 21] when pleadings are amended to add a party before responsive pleadings are filed." Opp. at 3 (citing DeMalherbe v. Int'l Union of Elevator Constructors, 438 F.Supp. 1121, 1128 (N.D.Cal. 1977); Heatherton v. Playboy, Inc., 60 F.R.D. 372, 377 (C.D.Cal. 1973)). Plaintiffs assert that, in this case, where no responsive pleading has been filed, Rule 15(a) allows amendment as a matter of right without the need to obtain leave of court. Id. at 3-4. In reply, defendants do not address the issue of whether that plaintiffs are entitled to amend the complaint as a matter of right to add a party under Rule 15(a).[2]

This Court agrees with plaintiffs. Because no responsive pleading has been filed, plaintiffs may, pursuant to Rule 15(a), amend their complaint as a matter of right and, in doing so, may add a party without first seeking leave of court. *See* Fed.R.Civ.P. 15(a). Thus, this Court finds plaintiffs' first amended complaint was not improperly filed pursuant to Rule 21 and, therefore, defendants' first argument fails.

b. **Standing**

Defendants next move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Kelsie K. Harper as a plaintiff as to all claims except the Fourth Cause of Action on the grounds that she lacks standing to sue on those claims.

//
//
//

---

[2] Defendants, instead, contend plaintiffs may not amend a cause of action that has been dismissed by the court without first seeking leave to do so and, thus, claim the first amended complaint is improperly filed. Reply at 3. Defendants did not present this argument in their moving papers. This Court declines to address issues presented by defendants for the first time in their reply.

i. Legal Standard

A. Fed.R.Civ.P. 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

B. Standing

A federal court's judicial power is limited to "cases" or "controversies." U.S.Const., Art. III § 2. A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in the lawsuit." Valley Forge College v. Americans United for Separation of Church and State, Inc., 454 U.S.

1  464, 471 (1982); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1152 (9th Cir. 2000). The "irreducible constitutional minimum" of Article III standing has three elements. LSO, 205 F.3d at 1152 (internal quotations omitted). First, plaintiff must have suffered "an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). Second, plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.*, "the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Id. (quoting Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42 (1976)) (alterations in original). Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. Id. at 561.

It is well-settled that "[a]llegations of possible future injury do not satisfy the requirements of Art. III." Whitmore v. Arkansas, 495 U.S. 149, 158 (1990). Instead, "[a] threatened injury must be 'certainly impending' to constitute injury in fact." Id. (quoting Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 298 (1979)). Moreover, "allegations of future injury [must] be particular and concrete." Steel Co. v. Citizens For a Better Environment, 523 U.S. 83, 109-10 (1998). "Abstract injury is not enough." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). The Supreme Court has explained that "[p]laintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." Lyons, 461 U.S. at 101(quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).

    ii.    **Analysis**

Defendants contend plaintiffs' complaint, with the exception of her Fourth Cause of Action, fails to state a claim because Kelsie K. Harper lacks standing, in that she fails to allege an injury in fact. Mot. at 4. Defendants point out that Kelsie K. Harper did not wear the t-shirt with negative messages nor was she sent to the school office or reprimanded in any way.

1  Id. Plaintiffs, in opposition, contend that Kelsie K. Harper has standing to challenge defendants' policies without having to first commit an act prohibited by the policies. Opp. at 6. According to plaintiffs, Kelsie K. Harper, as a student who wishes to express the same message in the same manner as her brother, faces a "'real and immediate'" threat that she will suffer the same harm as did her brother based on the allegations presented in the first amended complaint as well as defendants' "staunch" posture in defending this lawsuit. Id. at 7-8. Plaintiffs contend that their allegations, which must be viewed in the light most favorable to plaintiffs, sufficiently plead a concrete injury in fact, in that they allege Kelsie K. Harper "would receive similar punish[ment] for similar conduct" as did Tyler Chase Harper.³ Id. at 8 (citing 1st Am.Compl. ¶¶ 1, 71, 78, 82-83).

Defendants, in reply, contend that plaintiffs' allegations regarding future harm are speculative because one cannot "predict exactly what school officials would do if Kelsie [K. Harper] were to wear the t-shirt to school, in light of substantial litigation and media coverage. It is very possible that some alternative to punishment could be found that would keep Kelsie [K. Harper] in school ..." Reply at 4.

This Court's review of the portions of the first amended complaint cited by plaintiffs reveals no specific allegation that Kelsie K. Harper would receive the same punishment for the same acts her brother had performed. Instead, the complaint alleges defendants will "continue to apply" the policies improperly, *see* 1st Am.Compl. ¶¶ 71, and plaintiffs intend to act in the same manner in the future as Tyler Chase Harper did in April 2004. *See id.* ¶ 82. There is no mention of what punishment is expected to be inflicted upon plaintiffs. This Court cannot

---

³ Plaintiffs also contend that Kelsie K. Harper "still has standing to challenge the policy as overbroad on its face" because the requirements for standing based on overbreadth challenges in the First Amendment context is more relaxed. Opp. at 9 (citing Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973)). Plaintiffs contend that, under this standard, to have standing Kelsie K. Harper merely needs to show "that she and others in her position face a credible threat of discipline under the challenged policy." Id. at 9-10. However, defendants point out that Kelsie K. Harper's rights (as well as the rights of other persons in Kelsie K. Harper's position) will be vindicated through Tyler Chase Harper's lawsuit and "nothing will be added by including her in this litigation." Reply at 5. This Court agrees with defendants. Kelsie K. Harper need not be included as a plaintiff in order to vindicate her rights, or the rights of other persons similarly situated to her, because any overbreadth challenge will be resolved based on Tyler Chase Harper's claims. Therefore, this Court finds this argument meritless.

reasonably infer from the allegations presented that plaintiffs are alleging the same punishment inflicted upon Tyler Chase Harper will be inflicted upon Kelsie K. Harper should she act in the same manner in the future. Nor can it be ascertained with reasonable certainty that Kelsie K. Harper would receive the same punishment as was inflicted upon her brother should she so act. Thus, this Court finds plaintiffs' complaint contains only "[a]llegations of possible future injury [which] do not satisfy the requirements of Art. III" as the allegations are merely "conjectural or hypothetical." Whitmore, 495 U.S. at 158; Lujan, 504 U.S. at 560. Therefore, this Court finds Kelsie K. Harper has no standing to sue in this case, with the exception of any allegations concerning the Fourth Cause of Action. Accordingly, defendants' motion to remove Kelsie K. Harper from this lawsuit is GRANTED and Kelsie K. Harper is dismissed from this lawsuit as a party plaintiff as to all claims and allegations, with the exception of the allegations concerning the Fourth Cause of Action.[4]

### 2.   Due Process [Fourth Cause of Action]

Defendants next move to dismiss both plaintiffs' due process claims contained in the Fourth Cause of Action on the grounds that this Court previously dismissed the claim as to Tyler Chase Harper with prejudice, finding the policies at issue not unconstitutionally vague or ambiguous, and the addition of Kelsie K. Harper does nothing to alter the prior analysis. Mot. at 5-6; see Order at 20. Plaintiffs, in their opposition, acknowledge this Court's prior ruling but explain that they were "obliged to include the cause of action in the [first amended complaint] to avoid waiving it on appeal." Opp. at 12.

Plaintiffs correctly included the dismissed cause of action in order to prevent any waiver of their rights on appeal. See London, 644 F.2d at 814; Sacramento Coca-Cola, 440 F.2d at 1098; Loux, 375 F.2d at 57. However, plaintiff Tyler Chase Harper's due process claim presented in the first amended complaint, having been previously dismissed with prejudice, must also now be dismissed with prejudice. Kelsie K. Harper's due process claims must also be dismissed with prejudice for the reasons presented in this Court's prior order. Accordingly,

---

[4] Because this Court dismisses Kelsie K. Harper on standing grounds, this Court will not address defendants' arguments concerning the ripeness of Kelsie K. Harper's claims.

1 defendants' motion to dismiss with prejudice both plaintiffs' Fourth Cause of Action is GRANTED.

### 3. Equal Protection [Third Cause of Action]

Defendants also seek dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of plaintiffs' third cause of action based on violation of plaintiffs' rights under the equal protection clause of the United States Constitution on the grounds that it fails to state a claim upon which relief may be granted. *See* Mot. at 6-9.

#### a. Legal Standard

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Shaw v. Reno, 509 U.S. 630 (1993). When an equal protection violation is alleged, the plaintiff must plead facts to show that the defendant "acted in a discriminatory manner and that the discrimination was intentional." FDIC. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted); Reese v. Jefferson School Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000), 2000). Equal protection claims require strict scrutiny if the legislation discriminates against a suspect class or impinges upon a fundamental right. Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). To pass strict scrutiny, the policies must be narrowly tailored to serve a compelling government interest. *See* Reno v. Flores, 507 U.S. 292, 302 (1993).

The Equal Protection Clause may give rise to a cause of action even if the plaintiff does not allege membership in a class or group. *See* Village of Overbrook v. Olech, 528 U.S. 562, 564 (2000). However, this type of equal protection challenge is evaluated under a rational-basis test to determine whether the legislation at issue is irrational or wholly arbitrary. Conti v. City of Fremont, 919 F.2d 1385, 1389 (9th Cir. 1990). In equal protection claims brought by a "class of one," the plaintiff must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *See* Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 445 (1923);

Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336 (1989).

### b. Analysis

In its prior order, this Court found the facts and allegations presented in the complaint failed to implicate Tyler Chase Harper's fundamental rights thus requiring him to allege the policies at issue were not rationally related to a legitimate purpose. Order at 17. This Court found the facts alleged failed to implicate fundamental rights and, thus, found Tyler Chase Harper to be a "class of one." Id. This Court further found the facts alleged demonstrated defendants' policies passed rational basis scrutiny. Id. Plaintiffs have now resurrected this claim in their first amended complaint, adding language to solidify their allegations of an equal protection violation. See 1st Am.Compl. ¶¶ 101-17.

Defendants move to dismiss plaintiffs' equal protection claim on the grounds that the added language fails to cure the defects outlined by this Court in its prior order. Mot. at 7-9. In opposition, plaintiffs contend that the first amended complaint now "clearly implicate" plaintiffs' "rights of free speech and free exercise of religion." Opp. at 13.

Specifically, plaintiffs now allege that:

> Defendants have allowed other students and School officials to express their secular and religious viewpoints on the issue of homosexuality but have censored Plaintiffs and other like-minded students from expressing their religious viewpoints on the issue of homosexuality.

Id. ¶ 102. The first amended complaint also alleges that:

> Defendants have allowed other students and School officials to express their allegedly 'positive' viewpoints on the issue of homosexuality but have censored Plaintiffs and other like-minded students from expressing their religious viewpoints on the issue of homosexuality.

Id. ¶ 103. Based on these facts, plaintiffs allege that:

> While allowing similarly situated-students and School officials to express their secular and religious viewpoints on homosexuality, Defendants have specifically targeted Plaintiffs' viewpoints for censorship because Defendants find Plaintiffs' viewpoints to be offensive and unacceptable based upon Plaintiffs' adherence to Biblical passages.

Id. ¶ 104. Plaintiffs further allege defendants' acts of censorship treated plaintiffs "differently than other similarly-situated students based on the content and viewpoint of their expression"

with "no rational or compelling reason" to justify the treatment in violation of equal protection principles. Id. ¶¶ 105-107.

This Court, in its prior order, found plaintiff's equal protection claim lacked factual support for the allegations implicating the fundamental right to free speech or free exercise of religion. See Order at 17. Plaintiff[5] has now sufficiently alleged facts that implicate his free exercise of religion and free speech rights. See 1st Am.Compl. ¶¶ 102-103. By so implicating these fundament rights, the policies at issue face a strict scrutiny test as opposed to a rational basis test. Nordlinger, 528 U.S. at 564. Although defendants' policies clearly present a rational basis for censoring Tyler Chase Harper, based solely on the facts and allegations presented taken as true and viewed in the light most favorable to plaintiff, this Court cannot find, at this stage of the proceedings, that defendants' policies are narrowly tailored to serve a compelling government interest, thereby surviving strict scrutiny. Thus, contrary to defendants' contentions, plaintiff's added language cures the defects outlined by this Court in its prior order. Accordingly, defendants' motion to dismiss plaintiff's equal protection claim contained in the Third Cause of Action is DENIED.

4. **Damages**

Lastly, defendants move to dismiss plaintiff's damages claims against the School District and the individual defendants because the damages claims were previously dismissed by the Court on immunity grounds. See Mot. at 9-10. Plaintiff, in his opposition, acknowledges that the additional language included in the first amended complaint does not substantively alter the claim for damages but explain plaintiff was "obliged to include the allegations in the [first amended complaint] to avoid waiving it on appeal." Opp. at 18 (citing London, 644 F.2d at 814).

Again, plaintiff correctly included the dismissed damages claim in order to prevent any waiver on appeal. See London, 644 F.2d at 814; Sacramento Coca-Cola, 440 F.2d at 1098; Loux, 375 F.2d at 57. However, the damages claims presented in the first amended complaint,

---

[5] Because Kelsie K. Harper has been removed as a plaintiff, Tyler Chase Harper is not the sole remaining plaintiff in this case. Therefore, further references will be to the singular "plaintiff."

having been previously dismissed, must also now be dismissed. Accordingly, defendants' motion to dismiss plaintiff's damages claims is GRANTED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiffs' first amended complaint is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' motion to remove Kelsie K. Harper as plaintiff is **GRANTED**. All allegations and claims concerning Kelsie K. Harper, with the exception of any claims or allegations concerning the Fourth Cause of Action, are STRICKEN;

2. Defendants' motion to dismiss the Fourth Cause of Action is **GRANTED**. Plaintiffs' Fourth Cause of Action based on due process violations is **DISMISSED with prejudice**;

3. Defendants' motion to dismiss plaintiff's equal protection claim contained in the Third Cause of Action is **DENIED**; and

4. Defendants' motion to dismiss plaintiff's damages claims is **GRANTED**.

Dated:    February 22, 2005

JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge Porter
    All Counsel of Record