USDC SCAN INDEX SHEET

















JPP    11/4/05    11:39

3:04-CV-01103    HARPER V. POWAY UNIFIED SCHOOL

*77*

*AMDCMP.*

ORIGINAL

1   Robert H. Tyler, CA SBN 179572
    Douglas L. Edgar, CA SBN 216130
2   ALLIANCE DEFENSE FUND
    38760 Sky Canyon Drive, Suite B
3   Murrieta, California 92563
    Telephone: (951) 461-7860; Facsimile: (951) 461-9056

FILED

05 NOV -4   AM 9: 56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                                 DEPUTY

4

5   Kevin Theriot, KS SBN 21565
    ALLIANCE DEFENSE FUND
6   15660 West 135th Street
    Olathe, Kansas 66062
7   Telephone: (913) 829-7755; Facsimile: (913) 829-7780

8   Benjamin W. Bull, AZ SBN 009940
    Timothy D. Chandler, CA SBN 234325
9   ALLIANCE DEFENSE FUND
    15333 North Pima Road, Suite 165
10  Scottsdale, Arizona 85260
    Telephone: (480) 444-0020; Facsimile: (480) 444-0025

11  Kenneth C. Dickson, CA SBN 89368
    LAW OFFICES OF KENNETH C. DICKSON
12  41486 Serrai Court
    Murrieta, California 92562
13  Telephone: (951) 677-8177; Facsimile: (951) 677-9800

14  Charles S. LiMandri, CA SBN 110841
    LAW OFFICES OF CHARLES S. LIMANDRI
15  16236 San Dieguito Road
    Building 3, Suite 3-15
16  Rancho Santa Fe, California 92067
    Telephone: (858) 759-9930; Facsimile: (858) 759-9938

17

18  Attorneys for Plaintiffs

19                      UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF CALIFORNIA
20

21  TYLER CHASE HARPER and KELSIE K.          CASE NO. 04CV1103 JAH (POR)
    HARPER, minors, by and through their parents,
22  RON and CHERYL HARPER,
                                               SECOND AMENDED VERIFIED
23            Plaintiffs,                      COMPLAINT AND DEMAND FOR
                                               JURY TRIAL
24  v.
                                               Nature of Action: Civil Rights Suit
25  POWAY UNIFIED SCHOOL DISTRICT; JEFF        Under 42 U.S.C. § 1983
    MANGUM, LINDA VANDERVEEN, PENNY
26  RANFTLE, STEVE MCMILLAN, AND ANDY
    PATAPOW, all individually and in their official    BY FAX
27  capacity as Members of the Board of the Poway
    Unified School District; DR. DONALD A.
28  PHILLIPS, individually, and in his official

Aug. 10. 2005 10:23AM                                                          No. 7837    p. 15

1  │  capacity as Superintendent of the Poway Unified
   │  School District; SCOTT FISHER, individually
2  │  and in his official capacity as Principal of
   │  Poway High School; LYNELL ANTRIM,
3  │  individually and in her official capacity as
   │  Assistant Principal of Poway High School; ED
4  │  GILES, individually and in his official capacity
   │  as Vice Principal of Poway High School; and
5  │  DAVID LEMASTER individually and in his
   │  official capacity as Teacher of Poway High
6  │  School; and DOES 1 through 20 inclusive,

7  │      Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.

## INTRODUCTION

1.     This is a case to vindicate the First Amendment rights of Plaintiffs Tyler Chase Harper ("Chase") and Kelsie K. Harper, two high school students attending Poway High School. Chase Harper used a T-shirt message to express his sincerely-held religious beliefs among his public high school classmates in response to an event known as the "Day of Silence." This event was sponsored by Poway High School and its Gay-Straight Alliance student club. Because Plaintiff Chase Harper refused to compromise his religious beliefs and his First Amendment rights, he was suspended from school for simply continuing to wear a homemade message on his T-shirt. Additionally, Plaintiff Kelsie Harper and other similarly situated students are barred by school policies from engaging in the same or similar conduct, which is protected by the First Amendment. The arbitrary suspension of Chase Harper, the policies of the school district, and the unambiguous threat of further punishment by school district personnel against Plaintiffs and other students who plan to engage in similar protected conduct in the future have violated their rights to freedom of speech, to the free exercise of their religion, due process, and to the equal protection of the law guaranteed to Plaintiffs and other students by the First and Fourteenth Amendments to the United States Constitution and the California Education Code.

## II.

## JURISDICTION AND VENUE

2.     This action arises under the First and Fourteenth Amendments to the United States Constitution, the Civil Rights Act (42 U.S.C. §§ 1983 and 1985), California Civil Code § 52.1, and California Education Code §§ 48907 and 48950.

3.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343, this being a suit in equity authorized by law to be brought to redress the deprivation, under color of law, statute, regulation, or custom and usage of the State of California of rights, privileges and immunities secured by the laws and Constitution of the United States; particularly the First and Fourteenth Amendments of the Constitution of the United States pursuant to 42 U.S.C. § 1983. The Court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367(a).

1

Aug.10. 2005 10:23AM

1    4.    Venue is proper in the Southern District of California under 28 U.S.C. § 1391(b),

2    because a substantial part of the actions or omissions giving rise to this case occurred within the

3    Southern District of California.

4    5.    This Court is authorized to grant the relief requested under 28 U.S.C. §§ 2201-02

5    and Rule 65 of the Federal Rules of Civil Procedure for the purpose of determining a question and

6    actual controversy between the parties, to wit: whether the silencing by punishment, physical

7    restraint and intimidation via threat of further punishment constitutes a denial to Plaintiffs of

8    freedom of religion and speech guaranteed under the First Amendment to the United States

9    Constitution and applicable to the state under the Due Process Clause of the Fourteenth

10   Amendment to the United States Constitution and the laws of the United States.

11   6.    This Court is authorized to grant Plaintiffs' prayer for relief regarding costs,

12   including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

13                                     III.

14                    IDENTIFICATION OF THE PARTIES

15   7.    Plaintiff TYLER CHASE HARPER ("Chase Harper" or "Chase"), a minor, is and

16   was at all times relevant to this Complaint a student at Poway High School and a resident of

17   Poway, California.

18   8.    Plaintiff KELSIE K. HARPER ("Kelsie Harper" or "Kelsie"), a minor, is a

19   student at Poway High School and a resident of Poway, California.

20   9.    Plaintiffs RON and CHERYL HARPER are the parents of Tyler Chase Harper and

21   Kelsie K. Harper who presently reside in Poway, California.

22   10.    Defendant POWAY UNIFIED SCHOOL DISTRICT is a public entity established,

23   organized, and authorized under and pursuant to the laws of California with the authority to sue

24   and be sued in its own name.

25   11.    Defendant JEFF MANGUM, at all times relevant herein, was a board member of

26   the Poway Unified School District. This defendant is sued both individually and in his official

27   capacity.

28   ///

                                     2

SECOND AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL                04CV1103 JAH (POR)

1      12.    Defendant LINDA VANDERVEEN, at all times relevant herein, was a board

2  member of the Poway Unified School District. This defendant is sued both individually and in her

3  official capacity.

4      13.    Defendant PENNY RANFTLE, at all times relevant herein, was a board member

5  of the Poway Unified School District. This defendant is sued both individually and in her official

6  capacity.

7      14.    Defendant STEVE MCMILLAN, at all times relevant herein, was a board member

8  of the Poway Unified School District. This defendant is sued both individually and in his official

9  capacity.

10      15.    Defendant ANDY PATAPOW, at all times relevant herein, was a board member

11  of the Poway Unified School District. This defendant is sued both individually and in his official

12  capacity.

13      16.    Defendant DR. DONALD A. PHILLIPS, at all times relevant herein, was the

14  Superintendent of Poway Unified School District. This Defendant is sued both individually and

15  in his official capacity.

16      17.    Defendant SCOTT FISHER, at all times relevant herein, was the Principal of

17  Poway High School. This Defendant is sued both individually and in his official capacity.

18      18.    Defendant LYNELL ANTRIM, at all times relevant herein, was an Assistant

19  Principal of Poway High School. This Defendant is sued both individually and in her official

20  capacity.

21      19.    Defendant ED GILES, at all times relevant herein, was an Assistant Principal of

22  Poway High School. This Defendant is sued both individually and in his official capacity.

23      20.    Defendant DAVID LEMASTER, at all times relevant herein, was an instructor at

24  Poway High School. This Defendant is sued both individually and in his official capacity.

25      21.    Doe Defendants 1 through 20 are unknown to Plaintiffs at this time but each is to

26  be identified in this case as a resident of the State of California and acting in all particulars

27  material to this case in his or her official capacity and under color of state law.

28  ///

3

# IV.

## STATEMENT OF FACTS

22.    Chase Harper and Kelsie K. Harper (collectively referred to as "Plaintiffs") are seventeen and fifteen years old respectively. Both are currently enrolled at Poway High School ("School") in the Poway Unified School District.

23.    Plaintiffs are Christians with sincerely-held religious beliefs regarding Biblical teachings on homosexual behavior.

24.    Plaintiffs believe, among other things, that a loving God condemns behavior that is destructive to humankind, the principal object of His love, and that homosexual behavior is immoral, damaging to the practitioners and to human society in general, and is demonstrably contrary to the teachings of the Bible, which they believe is the inspired Word of God.

25.    Plaintiffs are informed and believe that the true purpose of the programs and events sponsored by Poway High School on April 21, 2004 and at various other times are to endorse, promote, and encourage homosexual behavior.

26.    Plaintiffs' sincerely-held religious beliefs compel them to communicate, out of a sense of compassionate duty, the Biblical condemnation of homosexual behavior to others in their school and their community.

27.    In the days and weeks prior to April 21, 2004, Chase became aware that a "Day of Silence" would be observed, endorsed, encouraged, subsidized, and promoted at Poway High School on April 21, 2004.

28.    Plaintiffs have learned that the "Day of Silence" was organized to encourage students and other individuals to refrain from speaking during the school day, even when called-on by teachers, in order to demonstrate support for individuals engaged in overt homosexual lifestyles and behavior.

29.    Chase took one of his T-shirts and placed words on the front of it that read:

"I WILL NOT ACCEPT WHAT GOD HAS CONDEMNED."

///

///

4

Aug.10. 2005 10:24AM

30. Chase placed words on the back of the T-shirt that read:

"HOMOSEXUALITY IS SHAMEFUL

"Romans 1:27"

31. Romans 1:27 is a reference to the Biblical verse which states:
Likewise also the men, leaving the natural use of the woman, burned in their lust for one another, men with men committing what is shameful, and receiving in themselves the penalty of their error which was due.

The Holy Bible, New King James Version.

32. Chase wore his expressive T-shirt on April 21, 2004, the "Day of Silence," in response to the promotion of that event.

33. Chase also wore an expressive T-shirt on April 22, 2004 in response to the events of the previous day.

34. While the back of the shirt read the same, Chase modified the words on the front of the T-shirt as follows:

"BE ASHAMED"

"OUR SCHOOL EMBRACED WHAT GOD HAS CONDEMNED."

35. On April 22, 2004, during his second class period at the start of his school day, Chase was told by Defendant David LeMaster, his classroom teacher, that he was in violation of the school's dress code and that he must remove the T-shirt or leave class and report directly to the school office.

36. Chase promptly obeyed that direction and met initially with Defendant Lynell Antrim, a Poway High School Vice Principal, who told Plaintiff that his T-shirt was clearly in violation of the school dress code because it had a "homemade" message, as opposed to a printed or more permanent message on the garment.

37. Defendant Lynell Antrim also told Chase that the words on the T-shirt were "inflammatory," and she instructed Chase that he must replace the T-shirt.

38. Defendant Lynell Antrim also said that if Chase would agree to change his T-shirt, he could return to class.

///

5

12003869.tif - 8/10/2005 10:29:34 AM

39.   Chase politely refused to be silenced in this way and was then directed to wait until the Principal would be available to discuss the disciplinary action that would follow in his case.

40.   Defendant Lynell Antrim then sent Chase to Defendant Scott Fisher's office.

41.   Chase was interviewed by Defendant Scott Fischer in the company of an unidentified adult female individual who is believed, and therefore alleged, to be a district official observer from another school within the Poway School District, believed to be the Abraxis Continuation School.

42.   During the interview time with Defendant Scott Fischer, Chase was asked repeatedly by Defendant Scott Fischer why he had worn his T-shirt to school on both days, was told by Defendant Scott Fischer that his T-shirt was too "aggressive," and that wearing it would not be tolerated at Poway High School.

43.   Defendant Scott Fisher stated that it would not matter whether the T-shirt was homemade or whether it was a pre-manufactured T-shirt as the punishment would be the same because the content was inflammatory.

44.   Defendant Scott Fisher ended the discussion by informing Chase that because he had been both courteous and respectful to school authorities his punishment would be mitigated but that he was going to be suspended from school, that he would remain in an office until the school day was over, and that he would then be required to depart the school grounds by the most direct route.

45.   Defendant Scott Fischer stated that Chase was not to leave the small office in which he was detained for any reason unless he had an escort.

46.   As the day wore on, Chase received his belongings, including his backpack and his lunch, which he had earlier left in his classroom.

47.   Except for supervised visits to the toilet room, Chase remained in the school office until the end of the school day.

48.   Through the course of the afternoon, various School security personnel visited Plaintiff and engaged him in conversations.

1    49.    One of them, a former coach of Chase, pointedly questioned Chase as to why he

2    would wear such a T-shirt and he encouraged him to question whether it was "worth it."

3    50.    A Deputy Sheriff came to interrogate Chase while he was detained in this office.

4    At the time, he presented his badge to Chase and at all times during the visit was openly carrying

5    a firearm. The Deputy also took a number of photographs of Chase but did not arrest him. True

6    and correct copies of three of those photographs are attached as Exhibit "A."

7    51.    The Deputy informed Chase that he was there to determine if he was a dangerous

8    student, to find out why he wore the particular T-shirt, and to determine if he was going to engage

9    in similar behavior in the future.

10    52.    The Deputy proposed to Chase that as a member of the Christian faith he should

11    understand that Christianity was based on love not hate, and that Chase should not be offensive to

12    others.

13    53.    The Deputy told Chase that his T-shirt was "inflammatory" and "could encourage

14    uprising and violence against homosexuals."

15    54.    Finally, toward the very end of the school day, Chase was told to collect his things

16    and go to Defendant Ed Giles' office.

17    55.    Chase walked into Defendant Ed Giles' office and closed the door as directed.

18    56.    During a 10-15 minute visit, Chase was told that Defendant Ed Giles knew his

19    family and his youth pastor, and that he, Defendant Ed Giles, was also a Christian believer.

20    57.    Defendant Ed Giles stated that when he came to the school he had to leave his

21    faith "in the car."

22    58.    Defendant Ed Giles further advised Chase that when he comes to Poway High

23    School, if his religious beliefs are offensive, he too must "leave his faith in the car."

24    59.    Chase respectfully told Defendant Ed Giles that he could not do that.

25    60.    Following this final "counseling" session at the end of the day, Chase was told he

26    was free to go home but that he was to proceed immediately and directly off campus and remain

27    off campus for the rest of the day.

28    ///

SECOND AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL                    04CV1103 JAH (POR)

12003869.tif - 8/10/2005 10:29:34 AM

1    61.    Chase was thus not allowed to go to his locker to get his homework.

2    62.    Chase complied with the directions of the school administrators in every

3    particular.

4    63.    Defendants did not notify either of Chase's parents until shortly before the end of

5    the school day.

6    64.    Defendant Ed Giles made the call to Plaintiff Ron Harper informing him that his

7    son had been detained and suspended for the day for wearing the expressive T-shirt.

8    65.    Initially, Plaintiff Ron Harper was told that the problem was that "homemade

9    shirts are not allowed."

10   66.    Plaintiff Ron Harper stated that he had seen other homemade shirts at the School

11   before and was then told that "only positive community messages were allowed" and that shirts

12   with "negative" messages were not allowed.

13   67.    Plaintiff Ron Harper asked who was responsible for determining whether a

14   message was positive or negative and was told that it was at the Principal's discretion.

15   68.    The following day, Plaintiff Ron Harper went to the School to discuss his son's

16   suspension and was told that Chase had conducted himself honorably and with respect to School

17   administrators at all times.

18   69.    Plaintiff Ron Harper was also informed that there had been no disruptions,

19   altercations or other incidents among students at the school giving rise to his son's suspension.

20   70.    Poway High School has published a student policy handbook that includes a

21   section entitled "Socially Responsible Behavior" (Policy).   This Policy, at page 15 of the

22   handbook, states in relevant part:

23        C.    Dress: School clothing should be neat, clean, and
               appropriate for school activities and should follow the
24             standards of common decency.  The dress code will be
               enforced at school-sponsored activities. Clothing that
25             violates this standard is unacceptable, and the student in
               violation will be disciplined appropriately.
26
         Examples of unacceptable dress are as follows:
27
         . . . .
28

                                              8
         SECOND AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL          04CV1103 JAH (POR)

12003869.tif - 8/10/2005 10:29:34 AM

3.     Clothing and accessories (including backpacks) that promote or portray:

. . . .

e.     Violence or hate behavior including derogatory connotations directed toward sexual identity.

A true and correct copy of this policy is attached as Exhibit "B."

71.     Defendants, and each of them, wrongfully interpreted and/or applied this Policy to Chase for wearing his T-shirt containing religious expression criticizing homosexual behavior. Defendants will continue to interpret this policy to prohibit the same speech by Chase, Kelsie Harper, or any other similarly-situated student that is critical of homosexual behavior.

72.     Poway High School's "Socially Responsible Behavior" policy at Section C.3.e. is, on its face, and as applied in this case, overbroad, impermissibly vague and subject to abuse. This policy effectively grants unbridled discretion to school officials as to its application and it therefore violates the First and Fourteenth Amendments of the United States Constitution.

73.     Since July 29, 1991, the Poway Unified School District has maintained a Board Policy relating to student personnel and their freedom of speech and expression. The Board Policy at Article 5.0, Section 5.6 in relevant part provides as follows:

> Students attending schools within the District have the right to exercise free expression including, but not limited to, the use of bulletin boards, distribution of printed materials or petitions, and wearing buttons, badges, and other insignia. The Board respects students' rights to express ideas and opinions, take stands, and support causes, whether controversial or not, through their speech, their writing, their clothing, and the printed materials they choose to post or distribute.
>
> . . . .
>
> In the exercise of the student rights described above, no student shall distribute materials, wear buttons or displays, or post notices or other materials which:
>
> 1.     Are obscene to minors according to current legal definitions.
>
> 2.     Are libelous or slanderous according to current legal definitions.
>
> 3.     Incite students so as to create a clear and present danger of the imminent commission of unlawful acts on school premises or of the violation of lawful school regulations or

9

of the substantial disruption of the orderly operation of the
school.

4. Express or advocate racial, ethnic, or religious prejudice so
as to create a clear and present danger of imminent
commission of unlawful acts on school premises or of the
violation of lawful school regulations or of the substantial
disruption of the orderly operation of the school.

A true and correct copy of this policy is attached as Exhibit "C."

 74. Neither Chase Harper's T-shirt message nor any of his behavior while attending school on April 21 and 22, 2004 in any way created a clear and present danger of imminent commission of unlawful acts on school premises or constituted the violation of lawful school regulations, or threatened substantial disruption of the orderly operation of the school.

 75. Since July 28, 1997, the Poway Unified School District has maintained a Board Policy relating to student personnel and their freedom of speech and expression. The Board Policy at Article 5.0, Section 5.28.1 concerns so-called hate behavior and, in relevant part, provides as follows:

In order to foster a supportive environment for a diverse student
body, the Poway Unified School District provides guidelines to
assist schools in the reduction and/or prevention of hate behavior.

For the purpose of these guidelines the operational definition of
hate behavior is as follows:

A hate behavior is any act or attempted act to cause physical injury,
emotional suffering, or property damage through intimidation,
harassment, racial/ethnic slurs and bigoted epithets, vandalism,
force or the threat of force, motivated all or in part by hostility to
the victim's real or perceived gender, race, ethnicity, religion,
sexual orientation, or mental or physical challenges . . . .

 76. The remainder of Board Policy is a confusing selection of subjective sentence fragments collected under three subtitles: "Hate Behavior Deterrence Guidelines," "Hate Behavior Response Guidelines," and "Examples of Hate Behavior."

 77. The purported preventative policy, laced as it is with undefined phrases and jargon, is, on its face, vague, subjective, ambiguous, overbroad and inevitably subject to unfettered arbitrary discretion in its application. A true and correct copy of this policy is attached as Exhibit "D."

10

78.   Plaintiffs are informed and believe and on that basis allege that Defendants, in this case, rely on Board Policy 5.28.1 to justify their censorship of Chase Harper and their intent to continue the application of said policy against Plaintiffs and other students.

79.   Board Policy 5.28.1 on its face, and to the extent of its application against Plaintiffs, violates their rights under the First and Fourteenth Amendments to the Constitution of the United States.

80.   Chase Harper, in particular, suffered unlawful discrimination, humiliation and punishment at the hands of Poway High School personnel in violation of School Board policy and the Constitution of the United States simply because School personnel disapproved of the viewpoint Chase wished to express.

81.   Since Defendants, and each of them, have established and are maintaining under color of law of the State of California a policy of denying Plaintiffs the free exercise of religion, Plaintiffs have suffered, are suffering, and will continue to suffer severe and irreparable injury by virtue of Defendants' acts, policies and practices as set forth herein.   Their fundamental constitutional rights have been violated and will continue to be violated.

82.   Chase wants to continue wearing a T-shirt expressing the same message to Poway High School.   Similarly, Kelsie desires to express an identical message through speech and/or clothing regarding her religious viewpoint of homosexuality to Poway High School.   Specifically, they plan to express their message during next year's Day of Silence event – believed to be planned for April 12, 2006 – expressing, to wit: "Homosexuality is shameful," "Romans 1:27," "Be ashamed," and "Our school has embraced what God has condemned."   The Defendants' policies still forbid this message.   Under their policies and practices, Chase and Kelsie would be forced to cover up or remove any clothing expressing this message.   If they refused to remove or cover up their expression, they would be suspended for the rest of the day, just as they did with Chase on April 22, 2004.

83.   The acts of Defendants, and each of them, are chilling and deterring Plaintiffs' free exercise of rights of speech, religious expression, petition, and press.   Plaintiffs have no plain, adequate, or complete remedy at law to redress the violations of their rights, and this suit for

11

1    injunction, declaratory judgment, and damages is their only means of securing complete and

2    adequate relief. No other remedy would offer Plaintiffs substantial and complete protection from

3    continuation of Defendants' unlawful and unconstitutional acts, policies, and practices.

**V.**

**STATEMENTS OF LAW**

6    84.    Students do not shed their constitutional rights at the schoolhouse gate.

7    85.    Non-disruptive, individual student expression is protected by the First Amendment

8    of the United States Constitution.

9    86.    All alleged acts of Defendants, their officers, agents, servants, employees, or

10   persons acting at their behest or direction were done, and are continuing to be done, under the

11   color and pretense of state law, including the statutes, regulations, customs, policies, and usages

12   of the State of California.

13   87.    Unless and until the enforcement of Defendants' current policies identified herein

14   and practices are enjoined, Plaintiffs will suffer, and continue to suffer, irreparable harm to their

15   federal and state constitutional and statutory rights.

**VI.**

**FIRST CAUSE OF ACTION**

**Violation of Freedom of Speech**

**Under the First Amendment to the United States Constitution**

20   88.    Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs.

21   89.    Religious speech is protected speech under the First Amendment.

22   90.    The Policies, including, but not necessarily limited to, School Board Policy

23   Section 5.28.1 and Poway High School student handbook at page 15 (collectively hereinafter

24   referred to as "Policies") and Defendants' enforcement thereof:

25         a.    are vague and overbroad;

26         b.    single out religious speech for discriminatory treatment;

27         c.    discriminate against speech because of its content;

28         d.    discriminate against speech on the basis of the speaker's viewpoint;

12

e.  restrain constitutionally protected speech in advance of its expression, with virtually no guidelines or standards to guide the discretion of School officials charged with enforcing the policy;

f.  chill the free speech and free exercise of religion of Plaintiffs and other students;

g.  allow the exercise of unbridled discretion; and

h.  improperly prohibit speech merely because it may allegedly be "negative" or offensive.

91.  Defendants have no compelling reason that would justify their censorship of Chase Harper's T-shirt and the religious viewpoint sought to be expressed by Plaintiffs in the future.

92.  Defendants' policies, and the enforcement thereof, thus violate the Free Speech Clause of the First Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully pray the Court grant the equitable and legal relief set forth in the prayer for relief.

## VII.

## SECOND CAUSE OF ACTION

### Violation of the Free Exercise Clause

### of the First Amendment to the United States Constitution

93.  Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs.

94.  Plaintiff have sincerely-held religious beliefs which are central to their Christian faith that compel them to express their opposition to homosexual behavior.

95.  Plaintiffs' sincerely-held religious beliefs are based upon Biblical precepts and a Christian worldview.

96.  A facially-neutral policy may violate the Free Exercise Clause when it is implicated in connection with another constitutional right such as the freedom of speech.

///

13

97.    The Policies and Defendants' enforcement thereof substantially burden religious expression that is critical of homosexual behavior.

98.    Defendants have no compelling reason that would justify their censorship of religious expression that is critical of homosexual behavior.

99.    The Policies and Defendants' enforcement thereof therefore violate the Free Exercise Clause of the First Amendment to the United States Constitution, made applicable to the states under the Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully pray the Court grant the equitable and legal relief set forth in the prayer for relief.

## VIII.

### THIRD CAUSE OF ACTION

#### Violation of the Equal Protection Clause

#### of the Fourteenth Amendment to the United States Constitution

100.    Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs.

101.    Under the Policies, Defendants have allowed other students to wear homemade T-shirts while suspending Chase Harper for wearing his homemade T-shirt.

102.    Under the Policies, Defendants have allowed other students and School officials to express their secular and religious viewpoints on the issue of homosexuality but have censored Plaintiffs and other like-minded students from expressing their religious viewpoints on the issue of homosexuality.

103.    Under the Policies, Defendants have allowed other students and School officials to express their allegedly "positive" viewpoints on the issue of homosexuality but have censored Plaintiffs and other like-minded students from expressing their allegedly "negative" viewpoints on the issue of homosexuality.

104.    While allowing other similarly-situated students and School officials to express their secular and religious viewpoints on homosexuality, Defendants have specifically targeted Plaintiffs' viewpoints for censorship because Defendants find Plaintiffs' viewpoints to be offensive and unacceptable based upon Plaintiffs' adherence to Biblical passages.

14

105.    Defendants' enforcement of the Policies intentionally treats Plaintiffs differently than other similarly-situated students based on the content and viewpoint of their expression.

106.    Defendants have no rational or compelling reason that would justify their disparate treatment of Plaintiffs.

107.    The Policies, and Defendants' enforcement thereof, therefore violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs respectfully pray the Court grant the equitable and legal relief set forth in the prayer for relief.

## IX.

## FOURTH CAUSE OF ACTION

### Violation of the Due Process Clause

### of the Fourteenth Amendment to the United States Constitution

108.    Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs.

109.    The Policies are vague and lack sufficient objective standards to curtail the discretion of School officials, which allow Defendants to enforce the policies in an *ad hoc* and discriminatory manner.

110.    Defendants have no compelling reason that would justify their censorship of the religious expression on Chase Harper's T-shirt.

111.    The Policies, and Defendants' enforcement thereof, therefore violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs respectfully pray the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

## X.

## FIFTH CAUSE OF ACTION

### Violation of the Establishment Clause

### of the First Amendment to the United States Constitution

112.    Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs.

113.    The Policies, and Defendants' enforcement thereof, are hostile toward religion.

15

114. The Policies, and Defendants' enforcement thereof, treated Chase Harper as a second-class citizen of the School community because of his protected religious expression.

115. The Policies allow School district officials to approve one religious message over another and irreligion over religion.

116. Defendants therefore violated the Establishment Clause of the First Amendment to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully pray the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

## XI.

### SIXTH CAUSE OF ACTION

### Violation of Civil Rights Guaranteed by California Civil Code § 52.1

117. Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs.

118. Plaintiffs bring their sixth cause of action against Defendants Jeff Mangum, Linda Vanderveen, Penny Ranftle, Steve McMillan, Andy Patapow, Dr. Donald A. Phillips, Scott Fisher, Lynell Antrim, Ed Giles, and David LeMaster in their individual capacities only.

119. Defendants, and each of them, interfered or attempted to interfere with Chase Harper's constitutional rights by the use of threats, intimidation, and/or coercion, in that Defendants threatened expulsion, suspension and/or other discipline, and engaged in intimidation and coercive tactics. These tactics were intended to and have compelled Chase and Kelsie to forgo their constitutional rights.

120. In fact, Chase was suspended from classroom instruction, detained in a small office for most of the school day, interrogated by a Deputy Sheriff, "counseled" by numerous School district officials, and, in the end, told to "leave his faith in the car."

121. As a direct and proximate result of the conduct of Defendants, and each of them, both Chase and Kelsie have suffered, and will continue to suffer, from the deprivation of their constitutional liberties.

///

16

122.     Defendants' violation of Chase's and Kelsie's rights as guaranteed by Civil Code
§ 52.1 entitles them to compensatory and punitive damages, a $25,000 civil penalty, attorneys
fees and injunctive relief, all of which are provided for in Civil Code §§ 52.1(b) and 52, and are
requested below.

123.     In doing the acts alleged in this Complaint, Defendants knew, or should have
known, that their actions were likely to injure Plaintiffs.  Plaintiffs are informed and believe, and
therefore allege, that Defendants intended to cause injury to Chase and acted with a willful and
conscious disregard of Chase's rights as secured by Civil Code § 52.1, thus entitling Chase to
recover punitive damages pursuant to Civil Code § 52(b)(1).

124.     Pursuant to Civil Code § 52.1, Chase and Kelsie are entitled to bring an action for
damages and injunctive relief as set forth in Civil Code § 52.

WHEREFORE, Plaintiffs respectfully pray the Court grant the equitable and legal relief
set forth hereinafter in the prayer for relief.

## XII.

## SEVENTH CAUSE OF ACTION

### Violation of Free Speech Rights Guaranteed by California Education Code § 48950

125.     Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs.

126.     Plaintiffs bring their seventh cause of action against Defendants Jeff Mangum,
Linda Vanderveen, Penny Ranftle, Steve McMillan, Andy Patapow, Dr. Donald A. Phillips, Scott
Fisher, Lynell Antrim, Ed Giles, and David LeMaster in their individual capacities only.

127.     The Defendants have imposed and continue to threaten disciplinary sanctions
solely on the basis of conduct that is speech protected both on and off campus by the First
Amendment to the U.S. Constitution and Section 2 of Article I of the California Constitution.

128.     The Defendants' restrictions on Plaintiffs' speech:

        a.   discriminate against speech on the basis of the speaker's viewpoint;

        b.   discriminate against speech on the basis of its content;

        c.   chill the free speech rights of Plaintiffs and other students;

        d.   restrain constitutionally protected speech in advance of its expression; and

17

1      e.   improperly prohibit speech merely because it may allegedly be "negative"
2           or offensive.

3      129.   Defendants have no compelling reason that justifies their censorship of Chase
4  Harper's t-shirt and the viewpoint the Plaintiffs wish to express in the future.

5      130.   Defendants' censorship of Plaintiffs' expression is not a reasonable time, place, or
6  manner restriction.

7      131.   Defendants are therefore violating California Education Code § 48950.

8      WHEREFORE, Plaintiffs respectfully pray the Court grant the equitable and legal relief
9  set forth in the prayer for relief.

10                              **XIII.**

11                    **EIGHTH CAUSE OF ACTION**

12  **Violation of Free Expression Rights Guaranteed by California Education Code § 48907**

13      132.   Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs.

14      133.   Plaintiffs bring their eighth cause of action against Defendants Jeff Mangum,
15  Linda Vanderveen, Penny Ranftle, Steve McMillan, Andy Patapow, Dr. Donald A. Phillips, Scott
16  Fisher, Lynell Antrim, Ed Giles, and David LeMaster in their individual capacities only.

17      134.   Defendants have prohibited Plaintiffs from wearing clothing that expresses speech
18  protected by the First Amendment to the U.S. Constitution and Section 2 of Article I of the
19  California Constitution.

20      135.   Plaintiffs' expression is not obscene, libelous, or slanderous.

21      136.   Plaintiffs' expression does not so incite students as to create a clear and present
22  danger of the commission of unlawful acts on school premises or the violation of lawful school
23  regulations, or the substantial disruption of the orderly operation of the school.

24      137.   Defendants' policies, and the enforcement thereof, thus violate California
25  Education Code § 48907.

26      WHEREFORE, Plaintiffs respectfully pray the Court grant the equitable and legal relief
27  set forth in the prayer for relief.

28  ///

SECOND AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL          04CV1103 JAH (POR)

12003869.tif - 8/10/2005 10:29:34 AM

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    That this Court issue Preliminary and Permanent Injunctions enjoining Defendants, Defendants' agents, employees, and all persons in active concert or participation with them from violating Plaintiffs' constitutional and statutory rights by selectively banning religious expression in school;

B.    That this Court render a Declaratory Judgment declaring that Defendants' Policies, including, but not necessarily limited to, School Board Policy Section 5.28.1 and Poway High School student handbook at page 15, and Defendants' practice of selectively banning religious expression violates the First and Fourteenth Amendments to the United States Constitution as well as California Education Code §§ 48907 and 48950;

C.    Adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy in order that such declaration shall have the force and effect of final judgment;

D.    Retain jurisdiction of this matter for the purpose of enforcing this Court's order;

E.    Grant an award of nominal damages in an amount this Court deems appropriate;

F.    Grant punitive damages pursuant to Civil Code § 52(b)(1) and a statutory civil penalty of $25,000 pursuant to Civil Code § 52(b)(2);

G.    Grant to Plaintiffs reasonable costs and expenses of this action, including attorneys fees in accordance with 42 U.S.C. § 1988, California Civil Code § 52(b)(3), and California Education Code § 48950; and

H.    Grant such other and further relief as this Court deems just and proper.

///

///

///

///

///

///

19

12003869.tif - 8/10/2005 10:29:34 AM

1

# DEMAND FOR JURY TRIAL

2    Plaintiffs hereby respectfully request a jury trial.

3    Dated:  August 10, 2005

4                                      Respectfully submitted,

5                                      ALLIANCE DEFENSE FUND

6                          By: _____

7                                      TIMOTHY D. CHANDLER
                                       Attorney for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL                    04CV1103 JAH (POR)

12003869.tif - 8/10/2005 10:29:34 AM

08/4/21AUG.10. 2005a:10:26AMUNA PLA                        2:50 p.m.   06-09-2005         1/1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

We, the undersigned, citizens of the United States and residents of the State of California, have read the foregoing **SECOND AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** and declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated this 9th day of August 2005.

_____
Ron Harper

_____
Tyler Chase Harper

_____
Kelsie K. Harper

21

SECOND AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL                    04CV1103 JAH (POR)

# Exhibit A

Aug.10. 2005 10:27AM

 



# Exhibit B

# SOCIALLY RESPONSIBLE BEHAVIOR

The Poway High School community believes that Socially Responsible Behavior (SRB) is crucial to improving and maintaining a climate of respect. The Poway High School experience will enhance educational opportunities, prepare students for the workplace and allow all individuals to feel comfortable and secure. Staff, parents and students have developed guidelines for Socially Responsible Behavior during the school day and at all school sponsored events. Socially Responsible Behavior includes, but is not limited to the following:

A.    **Public Display of Affection:** Physical intimacy is to be valued but should be shared discreetly and not showcased. In an effort to promote behavior which establishes a friendly atmosphere without causing others to feel embarrassment or discomfort, unacceptable are:

    1. Prolonged or heavy kissing
    2. Fondling/inappropriate sexual contact
    3. Excessive body contact

B.    **Language:** Appropriate language enhances mutual respect and raises the level of comfort necessary for students and staff to perform at their best. The following misuse of written, spoken or gestured communication in any language is unacceptable:

    1. Obscene or profane
    2. Derogatory or intended to be racial, ethnic, religious, gender or sexual slurs intended to be hurtful or harassing in nature.

C.    **Dress:** School clothing should be neat, clean, and appropriate for school activities and should follow the standards of common decency. The dress code will be enforced at all school-sponsored activities. Clothing that violates this standard is unacceptable, and the student in violation will be disciplined appropriately. **Examples of unacceptable dress are as follows:**

D.

    1. Clothing that reveals or exposes undergarments. This includes any muscle shirts (underwear style).
    2. Clothing that does not adequately cover the midriff, breasts, backs, or the buttock areas (No cleavage may be shown. Tube tops are unacceptable).
    3. Clothing and accessories (including backpacks) that promote or portray:

        a. Drugs, alcohol and/or tobacco (420, 8-ball, mushrooms)
        b. Sex
        c. Gangs (numbered hats that denote an area)
        d. Weapons
        e. Violence or hate behavior including derogatory connotations directed toward sexual identity

    4. Altered hats (acceptable hats are those that are mass produced and are worn as intended by the manufacturer).
    5. Bandannas (worn or carried).
    6. Wallet chains (worn or carried).
    7. Belts or wrist-bands that have metal studs.

15

# Exhibit C

12003869.tif - 8/10/2005 10:29:34 AM

**POWAY UNIFIED SCHOOL DISTRICT**
**BOARD POLICY**

**Originator:** Associate Superintendent
**Issue No:** 4
**Date:** 7/29/91
**Page:** 1 of 2
**Reference:** EC 48916, 48907

**ARTICLE: 5.0   STUDENT PERSONNEL**

---

**SECTION   5.6   FREEDOM OF SPEECH AND EXPRESSION**

Students attending schools within the District have the right to exercise free expression including, but not limited to, the use of bulletin boards, distribution of printed materials or petitions, and wearing buttons, badges, and other insignia. The Board respects students' rights to express ideas and opinions, take stands, and support causes, whether controversial or not, through their speech, their writing, their clothing, and the printed materials they choose to post or distribute.

**Circulation of Petitions, Circulars, Newspapers, and Other Printed Matter:** Students shall be allowed to distribute petitions, circulars, leaflets, newspapers, and other printed matter subject to regulations as developed by the Superintendent.

The time of distribution shall be limited to the half hour before school begins, during the lunch period, and the half hour after school is dismissed.

The manner of distribution shall be such that coercion is not used to induce students to accept the printed matter or to sign petitions. Materials are not to be left undistributed or stacked for pick-up while unattended at any place in the school or on school grounds.

**Buttons, Badges, and Other Insignia of Symbolic Expression:** Students will be permitted to wear buttons, badges, armbands, and other insignia as a form of expression, subject to regulations to be developed by the Superintendent.

**Bulletin Boards:** Students shall be provided with a bulletin board for use in posting student materials on campus. Where feasible, location of the bulletin board shall be by joint agreement of local school student government representatives and the local school administration.

In the exercise of the student rights described above, no student shall distribute materials, wear buttons or displays, or post notices or other materials which:

1.  Are obscene to minors according to current legal definitions.

2.  Are libelous or slanderous according to current legal definitions.

3.  Incite students so as to create a clear and present danger of the imminent commission of unlawful acts on school premises or of the violation of lawful school regulations or of the substantial disruption of the orderly operation of the school.

4.  Express or advocate racial, ethnic, or religious prejudice so as to create a clear and present danger of imminent commission of unlawful acts on school premises or of the violation of lawful school regulations or of the substantial disruption of the orderly operation of the school.

5.  Are distributed in violation of the time, place, and manner requirements.

6.  Are in violation of current federal, state, and local laws.

**ARTICLE: 5.0    STUDENT PERSONNEL**                Page 2 of 2

**SECTION   5.6    FREEDOM OF SPEECH AND EXPRESSION**

The principal of each school shall designate a person to review materials and exercise administrative responsibilities as required by this policy. The name of the designated person shall be suitably posted and a decision shall be final in regard to the prohibitions named in the above paragraphs. However, any student may appeal a decision concerning this policy section to the Superintendent or designee who shall render a decision within a reasonable time or no later than one (1) school day after receipt of the appeal. The appeal shall be based solely on the standards established in statutes of the State of California.

Knowing violation of this policy section by any student shall be sufficient cause for suitable disciplinary action to be taken.

The Superintendent shall develop administrative rules and regulations implementing this policy section.

12003869.tif - 8/10/2005 10:29:34 AM

# Exhibit D

12003869.tif - 8/10/2005 10:29:34 AM

Aug. 10. 2005 10:28AM

**POWAY UNIFIED SCHOOL DISTRICT**
**BOARD POLICY**

**Originator:** Asst. Superintendent, LSS
**Issue No:** 1
**Date:** 9/20/93
**Page:** 1 of 1
**Reference:** Article 1, Section 28(c)
California Constitution

**ARTICLE: 5.0    STUDENT PERSONNEL**

---

**SECTION   5.28    HATE BEHAVIOR**

It is the intent of Poway Unified School District to promote harmonious human relationships that enable students to gain a true understanding of the rights and duties of people in our heterogeneous society. Furthermore, it is our intent to promote the rights of equality and human dignity basic to American heritage.

Each school is responsible for promoting an environment that fosters positive attitudes and practices among students, staff, and administration. In addition, the school is responsible for promoting learning and, because it is well-established that anxiety and lowered self-esteem impede learning, the school is responsible for fostering an environment that mitigates against anxiety-producing or demeaning incidents against any child within the confines of the school. These incidents include, but are not limited to, those targeting members of a particular gender, race, ethnicity, religion, sexual orientation, or the mentally and physically challenged.

Students realize their full individual potential through knowledge, understanding, and an appreciation of society's diversity. In support of this objective, the District hereby expresses its commitment to human rights.

BP 5.28

12003869.tif - 8/10/2005 10:29:34 AM

1    Robert H. Tyler, CA SBN 179572
     Douglas L. Edgar, CA SBN 216130
2    ALLIANCE DEFENSE FUND
     38760 Sky Canyon Drive, Suite B
3    Murrieta, California  92563
     Telephone:  (951) 461-7860; Facsimile:  (951) 461-9056
4
     Kevin Theriot, KS SBN 21565
5    ALLIANCE DEFENSE FUND
     15660 West 135th Street
6    Olathe, Kansas  66062
     Telephone:  (913) 829-7755; Facsimile:  (913) 829-7780
7
     Benjamin W. Bull, AZ SBN 009940
8    Timothy D. Chandler, CA SBN 234325
     ALLIANCE DEFENSE FUND
9    15333 North Pima Road, Suite 165
     Scottsdale, Arizona  85260
10   Telephone:  (480) 444-0020; Facsimile:  (480) 444-0025

11   Kenneth C. Dickson, CA SBN 89368
     LAW OFFICES OF KENNETH C. DICKSON
12   41486 Serrai Court
     Murrieta, California  92562
13   Telephone:  (951) 677-8177; Facsimile:  (951) 677-9800

14   Charles S. LiMandri, CA SBN 110841
     LAW OFFICES OF CHARLES S. LIMANDRI
15   16236 San Dieguito Road
     Building 3, Suite 3-15
16   Rancho Santa Fe, California  92067
     Telephone:  (858) 759-9930; Facsimile:  (858) 759-9938
17

18   Attorneys for Plaintiffs

19                UNITED STATES DISTRICT COURT

20            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

21
     TYLER  CHASE  HARPER  and  KELSIE  K.        CASE NO. 04CV1103 JAH (POR)
22   HARPER, minors, by and through their parents,
     RON and CHERYL HARPER,
23                                                PROOF OF SERVICE
            Plaintiffs,
24
     v.
25
     POWAY UNIFIED SCHOOL DISTRICT; JEFF
26   MANGUM, LINDA VANDERVEEN, PENNY
     RANFTLE, STEVE MCMILLAN, and ANDY
27   PATAPOW, all individually and in their official
     capacity as Members of the Board of the Poway
28   Unified  School  District;  DR.  DONALD  A.

                              -1-

Aug.10. 2005 10:28AM

1  PHILLIPS, individually, and in his official
   capacity as Superintendent of the Poway Unified
2  School District; SCOTT FISHER, individually
   and in his official capacity as Principal of
3  Poway High School; LYNELL ANTRIM,
   individually and in her official capacity as
4  Assistant Principal of Poway High School; ED
   GILES, individually and in his official capacity
5  as Vice Principal of Poway High School; and
   DAVID LEMASTER individually and in his
6  official capacity as Teacher of Poway High
   School; and DOES 1 through 20 inclusive,
7
        Defendants.
8

9        I am over the age of 18 years and not a party to the within action. My business address is
10  38760 Sky Canyon Drive, Suite B, Murrieta, California 92563.

        I served the document(s) described as:
11

12  SECOND AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

13  on the interested parties in this action:

14                      Daniel R. Shinoff, Esq.
                        Jack M. Sleeth Jr., Esq.
15                      Paul V. Carelli, Esq.
                    STUTZ, ARTIANO, SHINOFF & HOLTZ
16                      A Professional Corporation
                     401 West "A" Street, Suite 1500
17                       San Diego, CA 92101
                    Telephone:    (619) 232-3122
18                  Facsimile:    (619) 232-3264
                        Attorneys for Defendants
19

20  ☐  (BY ELECTRONIC TRANSMISSION) Pursuant to agreement and written confirmation of the
       parties to accept service by electronic transmission, I transmitted ☐originals ☒ true
21     copies of the above-referenced document(s) on the interested parties in this action by
       electronic transmission from snolen@telladf.org on August 10, 2005 at 9:44:06 AM. Said
22     electronic transmission was reported as complete and without error.

23  ☐  (BY FACSIMILE TRANSMISSION) Pursuant to agreement and written confirmation of the
       parties to accept service by facsimile transmission, I transmitted ☐originals ☒ true
24     copies of the above-referenced document(s) on the interested parties in this action by
       facsimile transmission from (951) 461-7860 on August 10, 2005 at 9:44:06 AM. A
25     transmission report was properly issued by the transmitting facsimile machine and the
       transmission was reported as complete and without error. **A copy of said transmission
26     report is attached hereto.**

27

28

                                    -2-
                              **PROOF OF SERVICE**

12003869.tif - 8/10/2005 10:29:34 AM

1  ☒  (BY UNITED STATES POSTAL SERVICE) I am readily familiar with the practice for collection and processing of correspondence for mailing and deposit on the same day in the ordinary course of business with the United States Postal Service. Pursuant to that practice, the above-referenced document(s) were sealed in an envelope, with postage paid, and deposited in a post office, mail box, subpost office, substation, mail chute or other like facility regularly maintained by the United States Postal Service on August 10, 2005 at Murrieta, California.

2

3

4

5  ☐  (BY OVERNIGHT MAIL SERVICE) I deposited in a box or other facility regularly maintained by OverNite Express/Federal Express, an express service carrier, at 38760 Sky Canyon Drive, Murrieta, California, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, an envelope or package designated by the express service carrier with delivery fees paid or provided for, a copy of the above-referenced documents.

6

7

8

9  ☐  (BY PERSONAL SERVICE) I caused to be delivered copies of the above-referenced documents to the addressee(s) noted above, on _____ , at _____ a.m./p.m.

10       I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed at Murrieta, California.

11

12  Dated: August 10, 2005

13                                                    _____
                                                     (SYLVIA NOLEN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

**PROOF OF SERVICE**