UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER CHASE HARPER, a minor, by and through his parents, RON and CHERYL HARPER,<br><br>          Plaintiff,<br>v.<br>POWAY UNIFIED SCHOOL DISTRICT; et al.,<br><br>          Defendants. | Civil No. 04CV1103 JAH(POR)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND VACATING MOTION HEARING DATE** |

    Plaintiffs have filed a motion for reconsideration of this Court's order granting summary judgment in favor of defendants on plaintiffs' first and second causes of action pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, which is currently set for hearing on May 17, 2007. *See* Doc. # 151. However, as plaintiffs concede in their moving papers, *see* Doc. # 152 at 2, plaintiffs' recently filed notice of appeal of this Court's January 27, 2007 order divests this Court of jurisdiction to consider a Rule 60(b) motion. *See* Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir. 1992)(en banc); Gould v. Mutual Life Insurance Co. of New York, 790 F.2d 769, 772 (9th Cir. 1986). Therefore, plaintiffs' motion for reconsideration under Rule 60(b) must be denied for lack of jurisdiction.

    In order to seek Rule 60(b) relief while an appeal is pending, "the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate for remand of the case." Crateo, Inc. v. Intermark, Inc., 536

1  F.2d 862, 869 (9th Cir. 1976). A court's decision on such a request is a merely a procedural
2  ruling "not a final determination of the merits of the Rule 60(b) motion." Id.  Based on a
3  careful consideration of the entire record in this matter, this Court now announces its
4  willingness to entertain plaintiffs' Rule 60(b) motion in the event a motion to remand is
5  granted by the Ninth Circuit.

6      Accordingly, IT IS HEREBY ORDERED that:

7    1.  Plaintiffs' motion for reconsideration [doc. # 151] is DENIED for lack of
8        jurisdiction and the motion hearing date of May 17, 2007 is VACATED;
9    2.  Plaintiffs may move the Ninth Circuit for remand of this case for the limited
10       purpose of entertaining plaintiffs' Rule 60(b) motion; and
11   3.  If remand is granted, plaintiffs shall file and serve their Rule 60(b) motion within
12       thirty (30) days of the filing of the Ninth Circuit's remand order.

15 Dated: April 9, 2007

17 HON. JOHN A. HOUSTON
   United States District Judge

19 cc:  Magistrate Judge Porter
        All Counsel of Record